**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.:**

**ROMAR EVANS PEDRO,**
**an Individual**

**Plaintiff,**

**v.**

**DELTA AIR LINES, INC.,**
**a Foreign Profit Corporation,**

**Defendant.**
______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **ROMAR EVANS PEDRO** ("Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendant, **DELTA AIR LINES, INC.** ("Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is an adult individual.

3. Defendant is a Foreign Profit Corporation that is located and does business in

Miami-Dade County, Florida, and is therefore within the jurisdiction of this Court.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in Miami-Dade County, Florida, and therefore the proper venue for this case is the Miami Division of the Southern District of Florida.

6. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101 and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by

Defendant.

11. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of his disability or "perceived disability," and his request for reasonable accommodation.

12. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

13. On or around April 21, 2026, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

14. On or around July 21, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his federal discrimination claims within 90 days of his receipt of the same.

15. More than 180 days have passed since the filing of the Charge of Discrimination with no determination made by the FCHR, giving Plaintiff the right to bring a civil action on his state discrimination claims.

16. Plaintiff timely files this action within the applicable period of limitations against Defendant.

17. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

18. Plaintiff worked for Defendant, most recently as a Customer Service Agent, from August 30, 2023, until his termination on August 12, 2025.

19. In late 2024 and heading into 2025, Plaintiff suffered flareups of disabilities and serious health conditions from which he suffers, specifically epilepsy, attention deficit hyperactivity disorder ("ADHD") and dysthymia (persistent depressive disorder).

20. In January 2025, Plaintiff applied for, and was approved for, intermittent FMLA leave, granting him four days per month of intermittent leave.

21. In addition, Plaintiff made the reasonable accommodation request of occasional absences, early departures, and late arrivals.

22. In or about mid-May of 2025, Plaintiff purchased a round-trip plane ticket for a flight commencing June 6, 2025, with a scheduled return flight on June 10, 2025.

23. Despite the ticketed travel, Plaintiff initially intended to take a return flight on June 9, 2025, utilizing standby travel with American Airlines with his mother's travel benefits.

24. On June 6, 2025, Plaintiff commenced his travel.

25. On June 9, 2025, Plaintiff experienced a flareup of his disabilities and serious health conditions, making it impossible for him to travel home that day.

26. On June 10, 2025, Plaintiff's flareups endured, so he properly informed Defendant that he was utilizing his intermittent FMLA leave because he would not be able to work that day.

27. Because his condition improved as the day wore on, Plaintiff was ab;e tp return home on his original plane ticket, rather than the non-revenue standby ticket.

28. In early July of 2025, Plaintiff's Defendant Department Manager, Christine Villatoro ("Ms. Villatoro"), summoned Plaintiff to her office for a meeting, with one of Defendant's Operations Service Managers, Ivan Morena Escandon ("Mr. Escandon"). also in attendance.

29. During this meeting, Ms. Villatoro accused Plaintiff of violating one of Defendant's

company policies, specifically, that an employee cannot "call out" and travel using employee non-revenue standby travel benefits on the same day.

30. Plaintiff told Ms. Villatoro that he was not using employee travel benefits, but was a confirmed ticketed passenger, and further stated that he did not simply "call out," but in fact utilized his approved FMLA leave due to his condition, and therefore did not violate any company policy.

31. Ms. Villatoro requested that Plaintiff write a statement regarding the sequence of events, which Plaintiff emailed to Ms. Villatoro a few days later.

32. On or about July 27, 2025, Ms. Villatoro again summoned Plaintiff to her office for a meeting, with another one of Defendant's Operations Services Managers, Donnell Mackey ("Mr. Mackey") in attendance.

33. Ms. Villatoro again accused Plaintiff of violating company policy on June 10, 2025, and Plaintiff reiterated the facts that state he did not violate a company policy.

34. Ms. Villatoro also inquired as to Plaintiff's condition that led to his application for FMLA leave, but Plaintiff refused to divulge such personal medical information to her.

35. Ms. Villatoro asked Plaintiff to draft another statement detailing the sequence of events, this time in front of her with a pen and paper.

36. Once Plaintiff completed his statement, Ms. Villatoro placed Plaintiff on an unpaid suspension and was "under review."

37. A couple weeks later, on August 12, 2025, Ms. Villatoro called Plaintiff on his cell phone and informed Plaintiff that his employment was being terminated, effective immediately.

38. It is clear that Defendant retaliated against Plaintiff based on his serious health condition, his utilization of FMLA leave, his disabilities, and for requesting reasonable

accommodation.

39. Any other “reason” theorized after the fact by Defendant for its termination of Plaintiff’s employment is pure pretext.

40. Defendant’s adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing his serious health condition and for taking protected FMLA leave.

41. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

42. Defendant’s conduct constitutes intentional interference and retaliation under the FMLA.

43. The timing of Plaintiff’s disclosure of his serious health condition and his use of protected FMLA leave and Defendant’s termination of his employment alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

44. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

45. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of his job.

46. In reality, Defendant’s termination of Plaintiff stemmed from its discriminatory animus toward his disability and request for accommodation under the ADA/FCRA.

47. By reason of the foregoing, Defendant’s actions, and non-actions, affected the “terms, conditions or privileges” of Plaintiff’s employment as envisioned by the ADA/FCRA.

48. The timing of Plaintiff’s termination makes the causal connection between his use of reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

49. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

50. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

51. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA**

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 16 through 37, 39 through 44, and 50 through 51 above.

53. At all times relevant hereto, Plaintiff was protected by the FMLA.

54. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

55. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging him use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after his return from FMLA leave.

56. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

57. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory

relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA**

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 6, 8 through 9, 16 through 44, and 50 through 51, above.

59. At all times relevant hereto, Plaintiff was protected by the FMLA.

60. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

61. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for his use of FMLA-protected leave.

62. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his serious health condition and his use or attempted use of leave pursuant to the FMLA.

63. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

64. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III: DISCRIMINATION UNDER THE ADA BASED ON DISABILITY FAILURE TO ACCOMMODATE**

65. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1

through 5, 7, 10, 12 through 14, 16 through 37, 39, 45 through 47, and 49 through 51, above.

66. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

67. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

68. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the ADA.

69. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

70. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

71. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

72. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE

73. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 10, 12 through 13, 15 through 37, 39, 45 through 47, and 49 through 51, above.

74. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

75. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

76. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the FCRA.

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

80. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT V: RETALIATION UNDER THE ADA BASED ON DISABILITY**

81. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 11 through 14, 16 through 39, 41, 45 through 48, and 50 through 51, above.

82. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and/or his request for/utilization of reasonable accommodation.

83. Plaintiff's objections to discrimination and/or request for reasonable accommodation constituted protected activity under the ADA.

84. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and/or his request for reasonable accommodation.

85. Plaintiff's protected activity, and his termination, are causally related.

86. Defendant's stated reasons for Plaintiff's termination are a pretext.

87. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

88. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

89. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

90. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT VI: RETALIATION UNDER THE FCRA BASED ON DISABILITY**

91. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 7, 11 through 13, 15 through 39, 41, 45 through 48, and 50 through 51, above.

92. Plaintiff was terminated within close temporal proximity of his objections to disability discrimination and/or his request for reasonable accommodation.

93. Plaintiff's objections to discrimination and/or request for reasonable accommodation constituted protected activity under the FCRA.

94. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

95. Plaintiff's protected activity, and his termination, are causally related.

96. Defendant's stated reasons for Plaintiff's termination are a pretext.

97. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

98. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

99. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses

pursuant to Section 760.11(5), Florida Statutes.

100. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 19th day of October, 2026.

Respectfully Submitted,

***/s/ Nicholas Vimo***

Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorneys for Plaintiff*